## UNITED STATES *v.* KELLY.

A soldier, who had deserted, but was restored to duty by order of his department commander, without trial, on condition that he make good the time lost (about two months), and who complied with the condition, and was honorably discharged at the expiration of his term of service, *held* entitled to bounty money, notwithstanding his desertion.

THIS was an appeal by the United States from a judgment of the Court of Claims, in favor of one Kelly, lately a soldier in the army of the United States, for an unpaid balance of bounty money.

The claim was denied by the pay department, on the ground that the bounty had been forfeited by desertion.

The case as found by the court was, that the petitioner had deserted, but was restored to duty by order of his department commander, without trial, on condition that he make good the time lost, about two months; that he complied with the condition, and was honorably discharged at the expiration of his term of service.

Upon this case, *Mr. N. P. Chipman, for the soldier, and in support of the ruling below,* made a very full examination of the acts of Congress, and on an exhibit of their provisions, argued that there was nothing in any of them prohibiting the payment of bounty money to a soldier who had deserted, irrespectively of the circumstances of his desertion; that desertion, being sometimes a mere technical desertion, and without cowardice or disaffection to the service, did not *per se* so taint the *status* of the soldier, as to render him necessarily and without any judicial proceedings absolutely disqualified to receive bounty; nor was it under every circumstance such an act that his contract with the government was wholly and *ipso facto* dissolved, and that he could never return, and by performance of service properly thereafter—which service should be accepted—set up a condonation of his offence. The counsel argued that any other view would lead to the worst consequences in an army of a million of troops, called out as our troops were during the rebellion; troops comprising officers and men of inexperienced years; both officers and soldiers unacquainted with the laws of war; the soldiers especially unacquainted with the rigors of discipline, unused to the restraints which capricious or incompetent superior officers could enforce; not schooled nor proof against the evil influences of depraved associates, and liable, under some physical suffering or discouragement, or inadvertence, to commit an offence the gravity of which was not comprehended, and the penalty for which had not been understood or appreciated. The counsel fortified his views as to the effect of desertion in such a case as the one before the court by references to the third edition, published in 1868, of the Digest of the present Judge Advocate

General of the United States, the Hon. Joseph Holt, Esq.,* whom he characterized as "the most eminent and able writer on military law that this country had ever produced."

*Mr. C. H. Hill, Assistant Attorney-General, contra,* submitted the case on the record.

The CHIEF JUSTICE delivered the opinion of the court.

We do not think that, under the circumstances of the present case, the bounty was forfeited. The able lawyer who fills at present the post of Judge Advocate General, in a case similar to the present, held that "the honorable discharge of the deserter was a formal final judgment passed by the government upon the entire military record of the soldier, and an authoritative declaration by it that he had left the service in a *status* of honor; that as such, it dispensed altogether with the supposed necessity that the soldier must obtain bounty by removal, by order, of the charge of desertion from the rolls, and amounted of itself to the removal of any charge or impediment in the way of his receiving bounty." With this opinion we entirely concur.

JUDGMENT AFFIRMED.