[Civ. No. 10449.  Second Appellate District, Division One.—December 17, 1935.]

WALLACE H. ZEARING, Appellant, v. JAMES HERVEY JOHNSON, Assessor, etc., Respondent.

Clarence F. Terry, John W. Holler and Fred A. Steiner for Appellant.

Thomas Whelan, District Attorney, and Carroll H. Smith and Frank H. Dunn, Deputies District Attorney, for Respondent.

ROTH, J., *pro tem.*—Appellant Zearing, as plaintiff, filed a petition for a writ of mandate against respondent Johnson in his capacity as Assessor of San Diego County, State of California. It appears from the petition for the writ that appellant is a resident, property owner and taxpayer of San Diego County, and sought to obtain a veteran's exemption for the year 1933, pursuant to section 1¼ of article XIII of the Constitution of the state of California. A general demurrer to the petition was sustained without leave to amend and from the judgment entered thereon this appeal is taken. The formal and substantive sufficiency of all allegations save one are not questioned. The allegation which creates the question which must be decided on this appeal is as follows: "That petitioner served in the United States Army between August 30, 1918, and September 8, 1918; that your petitioner received an honorable discharge therefrom in the form of a 'discharge from draft' copy of which said discharge is attached hereto and marked Exhibit 'A' . . . ; that said honorable discharge has been filed in the office of the County Assessor of San Diego County, California; . . . "

It appears from said allegation and exhibit "A", that on August 30, 1918, appellant, who was then a resident of the state of Indiana, was ordered into military service by his local draft board, and he reported to Camp Dodge, Iowa, pursuant to such order; that he was discharged from Camp Dodge on September 8, 1918, because of physical unfitness. The discharge, as set out in exhibit "A", reads in part as follows:

## "DISCHARGE FROM DRAFT

"TO ALL WHOM IT MAY CONCERN:

#3686037

"THIS IS TO CERTIFY, That Wallace H. Zearing, a recruit, 64 Co. 163 Depot Brigade is hereby discharged from military service of the United States by reason of Physical deficiency as per 3d Ind. Dated Sept. 8/18 on form 1010 P. M. G. O., giving as reason for discharge defective hearing, Otitis Media suppurative Chronic left hearing. R. 5/20 L. 5/20; Group 'D'. Said Wallace H. Zearing was inducted into the service from the jurisdiction of the local board from Madison, Jefferson Co., Adjutant General, State of Indiana, on the Thirtieth of August, 1918. While this certificate discharges the person named herein from his *present obligation to serve in the army,* it does not operate as a permanent bar to his subsequent entrance into the military service . . . " (Italics ours.)

█ Appellant contends that this discharge is an honorable discharge within the meaning of the constitutional provision referred to which is as follows:

"Sec. 1¼. *United States army, navy, marine and revenue service.* The property to the amount of one thousand dollars of every resident of this State who has served in the army, navy, marine corps or revenue marine service of the United States in time of war, and received an honorable discharge therefrom, or who has been released from active duty because of disability resulting from such service in time of peace or under other honorable conditions or lacking such amount of property in his own name, so much of the property of the wife of any such person as shall be necessary to equal said amount; and the property to the amount of one thousand dollars of the widow resident in this State or if there be no such widow, of the widowed mother resident in this State of every person who has so served and has died either during his term of service or after receiving an honorable discharge from said service, or who has been released from active duty because of disability resulting from such service in time of peace or under other honorable conditions, and the property to the amount of one thousand dollars of pensioned widows, fathers, and mothers, resident in this State, of soldiers, sailors and marines who served in the army, navy or marine corps or

revenue marine service of the United States shall be exempt from taxation; *provided,* this exemption shall not apply to any person named herein owning property of the value of five thousand dollars or more, or where the wife of such soldier or sailor owns property of the value of five thousand dollars or more. No exemption shall be made under the provisions of this act of the property of a person who is not legal resident of the State; *provided however,* all real property owned by the Ladies of the Grand Army of the Republic and all property owned by the California Soldiers Widows Home Association shall be exempt from taxation.'' It appears from said constitutional provision that in order for appellant to apply for a veteran's exemption pursuant thereto he must be a ''resident . . . who has served in the army . . . in time of war, and received an honorable discharge therefrom . . . '', or ''who has been released from active duty under other honorable conditions.''

It appears from the face of the discharge from draft and the allegations of the petition that petitioner was merely subject to military law and had an obligation to serve in the army from which he was relieved for proper reasons. It does not appear that he ever served in the army or was ever a part of the army. ■ A person may be subject to military law without being a member of the armed forces of the United States. (*Bannister* v. *Soldiers' Bonus Board,* 43 R. I. 346 [112 Atl. 422, 13 A. L. R. 589].) An honorable discharge is a formal and final judgment based by the government upon the military record of a member of its armed forces, and a declaration that such person had left the service in a status of honor. (*United States* v. *Kelly,* 15 Wall. 34 [21 L. Ed. 106].) There is no doubt that appellant was released from *the obligation to perform active duty under* honorable conditions, but in our opinion, this is not a release from active duty. The attorney-general of this state has ruled that a discharge from draft, such as the one in the instant case, is not an honorable discharge within the meaning of the constitutional provision (A. G. O. 7656, July 31, 1931), and we are of the same opinion. We concur in that part of the opinion of the attorney-general referred to, in which the attorney-general states: ''From all of the foregoing it would seem to clearly appear that the physical examination, selecting, etc., by the Local Board, were tentative, conditional or preliminary in

character, and only ripened into an actual service following physical examination and acceptance by the military authorities after arrival at mobilization camp. If not so accepted a 'discharge from Draft' was given, signifying the *refusal* of the military authorities to accept the individual named therein for military service.''

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.