**Ex parte DRAINER.**

No. 25589.

District Court, N. D. California, S. D.

April 16, 1946.

Woodrow W. Kitchel, of Oakland, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ROCHE, District Judge.

This is an application for writ of habeas corpus whereby the petitioner, Edward A. Drainer, seeks to be released from imprisonment by the United States Naval Authorities. The imprisonment is pursuant to sentence by General Court Martial on the charge of desertion from the U. S. Naval Service. In his petition Drainer alleges lack of jurisdiction on the ground that at the time of his arrest by civilian authorities and trial he had been separated from the military service by an honorable discharge and further, that the prosecution was barred by the two year statute of limitations. The record discloses the following facts:

On August 8, 1940, Drainer, then 18 years old, enlisted in the U. S. Marine Corps at Des Moines, Iowa, for a period of four years. He was sent to San Diego, California, for training and after serving one month he absented himself without leave. He was thereupon declared a deserter as of September 8, 1940.

It appears from his testimony before the Court Martial Board that he left because he was homesick and wanted to return to his home in West Virginia; that he got as far as Cedar Rapids, Iowa, by riding freight trains; that he was hungry and without funds; that in order to get food he and his companion broke the window of a grocery store, that they were arrested, charged with breaking and entering and sentenced to the reformatory, from which Drainer was released after serving two years. He further testified that after his release he spent several months in Sacramento, California, and then visited his family in West Virginia. By this time the United States was at war and the petitioner, who had left his country's service in time of peace, was anxious to return.

Accordingly, on July 27, 1943, the petitioner, now being 21 years of age, voluntarily enlisted in the U. S. Navy at Clarksburg, West Virginia. In so enlisting, he gave his true name and address but gave his age as 17, in order to avoid the problem of not having a draft registration card, and failed to disclose his prior military service. While this might constitute a fraudulent enlistment, it was no part of the specification on which the petitioner was tried.

On November 1, 1944, after almost a year and a half of honorable service, eight months of which was spent overseas in the South Pacific Area, petitioner was given an Honorable Medical Discharge from the U. S. Naval Service.

On November 7, 1945, petitioner, now a married man and regularly employed in Arcata, California, was apprehended by civilian authorities, returned to Treasure Island, tried and found guilty of desertion from the U. S. Naval Service during the period from September 8, 1940, to July 27, 1943. He was sentenced to eighteen months imprisonment at the conclusion of which he shall receive a Dishonorable Discharge from the United States Naval Service.

The question is whether a civilian, regularly separated from the service, can be tried by Court Martial for a desertion committed prior to his receipt of an Honorable Discharge.

It is the general rule that a person is amenable to the military jurisdiction only during the period of his service. United States v. McDonald, 2 Cir., 265 F. 695; Naval Courts and Boards, Section 334 at page 92; Winthrop, Military Law and Precedence, 2nd Ed. (1920) at page 89. And once honorably discharged, such Honorable Discharge is a "formal final judgment passed by the government upon the entire military record" of the person. United States v. Kelly, 15 Wall. 34, 82 U.S. 34, 36, 21 L.Ed. 106.

■ That an Honorable Discharge from the U. S. Naval Service would not be a "formal, final judgment" upon the person's service record with the Army is, of course, true. They are two separate and distinct branches of the military service, each with its own Secretary as administrative head. The U. S. Marine Corps, however, is not a separate branch of the service. It is a part of the Navy and is, by statute, made subject to the laws and regulations of the U. S. Navy. 34 U.S.C.A. § 715. In *United States v. Dunn*, 120 U.S. 249, 7 S. Ct. 507, 30 L.Ed. 667 the Supreme Court considered the status of the Marine Corps and held that it was a part of the Naval Service and that service by an officer of the Navy as an enlisted man in the Marine Corps was to be credited to him in calculating his longevity pay.

It will be noted that the petitioner was not charged with desertion from the Marine Corps. He was charged with desertion from the U. S. Naval Service. On July 27, 1943, he enlisted in the U. S. Naval Service. On November 1, 1944, he was honorably discharged from the U. S. Naval Service.

If respondent's contention that the Marine Corps is a separate branch of the service is correct, then the Court Martial Board had no jurisdiction to try petitioner on a charge of desertion from the U. S. Naval Service. If respondent's contention is not correct, prosecution for desertion from the U. S. Naval Service after petitioner had received an Honorable Discharge from the U. S. Naval Service is barred by such Honorable Discharge.

■ In support of his contention the respondent relies primarily on the decisions of the Judge Advocate General, citing Melling's "Laws Relating to the Navy," and argues that an administrative interpretation of the statute is entitled to great weight in the courts. This is true, but an interpretation that is not required by the statute itself nor supported by judicial decision fails to carry the same weight. Such an interpretation is not binding on the court.

Wherefore, the petition for a writ of habeas corpus will be granted and the petitioner will be discharged; but pending an appeal from the decision of this court he shall be enlarged upon recognizance with surety in the sum of $100.00 for appearance to answer the judgment of the appellate court, in accordance with Rule 29 of the Rules of Court for the Ninth Circuit.