Charles H. MARSHALL, Plaintiff,

v.

Lt. Gen. W. G. WYMAN, Maj. Gen. Edwin K. Wright et al., Defendants.

No. 34533.

United States District Court
N. D. California, N. D.
June 4, 1955.

Dreyfus & McTernan, San Francisco, Cal., Daniel G. Marshall, Los Angeles, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendants.

ROCHE, Chief Judge.

This is an action for an injunction and declaratory relief brought by Charles H. Marshall against Lt. Gen. W. G. Wyman, Commanding General of the 6th Army of the United States, which has headquarters in San Francisco, and Maj. Gen. Edwin K. Wright, Commanding General of the 6th Infantry Division, Fort Ord, California, the headquarters of which is in the County of Monterey in this state.

The facts of this case are as follows: Plaintiff was inducted into the Army of the United States at Los Angeles, California, on August 10, 1953 under the provisions of the Selective Service Act. At all times he served in the capacity of a private.

After his induction plaintiff was asked to fill out a document entitled "Loyalty Certificate for Personnel of the Armed Forces", identified therein as DD 98. Plaintiff made the following entry under the designation "remarks," "Federal Constitutional privilege is claimed", and signed said certificate. Plaintiff also claimed his Federal constitutional privilege in filling out Form 98a and item 16, DD Form 398.

Under authority of Special Regulation 600–220–1 issued by order of the Secretary of the Army on June 18, 1954 and entitled "Military Personnel Security Program", the Adjutant General of the Army, by order of the Secretary of the Army caused a written communication to be delivered to plaintiff on June 19, 1954 which stated in part:

"1. Derogatory information has been received in this office which reveals the following:

"That you * * *

"a. Are believed to be a Communist sympathizer.

"b. Refused to complete DD Forms 98 and 98a and item 16, DD Form 398, claiming Federal Constitutional Privilege.

"c. Have a father, Daniel G. Marshall who is a Communist sympathizer and has membership in or is affiliated with the National Lawyers Guild and the Civil Rights Congress.

"d. Have a mother, Dorothy Nell Marshall, who is active in Communist Party Functions.

"2. You are advised that you have seven (7) days from date of receipt, in which to make rebuttal in writing of the above mentioned allegations, or to advise this office whether you do or do not desire to appear in person before a board of officers which will be convened to hear your case."

On June 21, 1954, but without prejudice to his rights, plaintiff demanded of the Adjutant General by written communication that a board of officers be convened to hear his case. Pursuant to plaintiff's request he appeared before a board of officers at Fort Ord, California on August 2, 1954. The board informed plaintiff that its mission was to afford him a fair and impartial hearing with regard to the requirement that he show cause why he should not be eliminated from the Army, and to determine from the evidence presented the course of action which would best serve the interest

of the Government without jeopardizing the rights of plaintiff.

Thereupon the board proceeded with the hearing and during its course informed plaintiff that certain confidential information in its possession would be considered by the board. Upon being so informed, plaintiff demanded that said confidential information be disclosed to him. This request was refused, but at plaintiff's insistence the board agreed to request specific authority to do so of the Assistant Chief of Staff, G–2, United States Army, as provided in SR 605–200–1, Section 5(a) (1) issued June 10, 1954 by order of the Secretary of the Army. Thereupon said hearing was brought to a close to be reconvened on its further order to plaintiff.

On February 7, 1955 the board was reconvened at Ft. Ord, California, and plaintiff was there informed that a summary of the confidential information was then and there available to be read by him, but plaintiff was ordered not to make a copy or transcript of it. Plaintiff and his counsel then read the document. No witnesses were called at this hearing, and the reconvened hearing was thereupon closed on February 7, 1955. On February 18, 1955 a transcript of said hearing and reconvened hearing was delivered to plaintiff by the Board. On April 4, 1955 plaintiff, upon his request, received a copy of the summary of confidential information used at the hearing.

On March 26, 1955, Colonel Bloss, Commanding Officer of the 6023D S. U., Personnel Center, ordered plaintiff's undesirable discharge from the army. Colonel Bloss had received the command to discharge from Major General Wright who had in turn received the original order to discharge from G. R. Morris, Acting Assistant Adjutant General.

The evidence discloses, and the court finds that plaintiff had actual notice of his discharge from the Army on Saturday morning, March 26, 1955, and that said notice was specific at 12:10 P. M. when Lt. Anello stated to him that he was discharged and Lt. Huntley escorted him from the post. Since plaintiff refused to sign the report of separation, the Army immediately mailed his separation papers to his home.[1]

On March 26, 1955 an order to show cause and a temporary restraining order was served on the defendants named in this case, restraining them, pending further order of the court, from:

1. Issuing to plaintiff, in effectuating the discharge of plaintiff from the United States Army a certificate of undesirable discharge;

2. Effectuating the discharge of plaintiff from the United States Army except with a certificate of honorable discharge.

It is the court's view that this restraining order was not served upon defendants until after plaintiff had already been discharged from the Army.

The complaint herein is entitled "Complaint for Injunction and Declaratory Relief" and is divided into two causes of action.

The first cause of action looks to injunctive relief. The prayer for judgment on this cause is (1) that defendants be restrained and enjoined from (a) issuing to plaintiff, in effectuating the discharge of plaintiff from the United States Army, a certificate of undesirable discharge (b) effectuating the discharge from the United States Army except with a certificate of honorable discharge.

---

1. SR 615–360–1

"13. *Preparation of report of separation from the Armed Forces of the United States.*

  *   *   *   *   *

"(41) * * *

"(c) Force or coercion will not be used to compel an enlisted person to sign the report of separation if he refuses to

do so. In such cases, the report of separation and other separation forms will be mailed to the enlisted person at the address shown in item 47, and a report of action taken will be made to the Adjutant General, Department of the Army, Washington 25, D.C., ATTN: AGPI."

The second prayer for relief prays judgment against defendants declaring the rights and obligations of the parties in the premises.

Defendants have moved to dismiss the complaint herein on several grounds: (1) the court lacks jurisdiction of the subject matter; (2) the plaintiff has failed to join indispensable parties; (3) there are other administrative remedies of which plaintiff has not availed himself; (4) the action is moot.

The defendants propose that this court lacks jurisdiction of the subject matter of this suit in that plaintiff is seeking to interfere with "legitimate Army matters", Orloff v. Willoughby, 1953, 345 U.S. 83, at page 93, 73 S.Ct. 534, at page 540, 97 L.Ed. 842.

■ In view of the fact that plaintiff has already been discharged from the service the injunctive relief prayed for is beyond the scope of relief this court may grant. Even if plaintiff is considered not to have been discharged prior to the service of this court's injunctive order, it is the court's view that it does not have the power to compel the army to proffer *only* an honorable discharge to plaintiff. The type of discharge that plaintiff is entitled to must be decided upon by the officers in whom this power resides. This court has no jurisdiction to predetermine or to review such decision. Davis v. Woodring, 1940, 72 App. D.C. 83, 111 F.2d 523; Patterson v. Lamb, 1947, 329 U.S. 539, 67 S.Ct. 448, 91 L.Ed. 485; Gentila v. Pace, 1951, 90 U.S.App.D.C. 75, 193 F.2d 924.

■ The reason for this is that plaintiff is actually seeking by way of injunction, relief in the nature of mandamus, to compel the defendants to take action in accordance with the hoped-for declaration by this court that the army must honorably discharge plaintiff. The rule as set forth in the cases concerning mandamus jurisdiction of the district court, is that the court may issue writs of mandamus when necessary to the exercise of its jurisdiction but not as original writs in any case. In this state of the law, the writ when issued would necessarily be auxiliary or ancillary in character and fashioned to preserve the jurisdiction given by other and original processes. Palmer v. Walsh, D.C., 1948, 78 F.Supp. 64; Petrowski v. Nutt, 9 Cir., 1947, 161 F.2d 938.

■ Further, the 1948 revision of the Judicial Code, 28 U.S.C.A. § 1331, does not indicate that Congress thereby intended to enlarge the jurisdiction of the district courts so as to vest in them general original jurisdiction in cases of mandamus. Since the 1948 revision, the courts have adhered to the view that Congress has not vested in the district courts original jurisdiction in cases of mandamus, without any suggestion that the revised jurisdictional phraseology wrought any change. Howell v. Brown, D.C., 1949, 85 F.Supp. 537; McCarthy v. Watt, D.C., 1950, 89 F.Supp. 841; Breiner v. Kniskern, D.C., 1950, 90 F.Supp. 9.

■ Thus it is clear that the district court does not have general original jurisdiction in cases of mandamus. Marshall v. Crotty, 1 Cir., 1950, 185 F.2d 622. That jurisdictional limitation has been accepted as settled in the cases following: Covington & Cincinnati Bridge Co. v. Hager, 1906, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; Barber v. Hetfield, 9 Cir., 1925, 4 F.2d 245; Torre v. Fulton, 1 Cir., 1928, 28 F.2d 1020; Ballf v. Kranz, 9 Cir., 1936, 82 F.2d 315, certiorari denied, 1936, 299 U.S. 549, 621, 57 S.Ct. 12, 81 L.Ed. 404; Youngblood v. United States, 6 Cir., 1944, 141 F.2d 912; United States ex rel. Vassel v. Durning, 2 Cir., 1945, 152 F.2d 455; Insular Police Commission v. Lopez, 1 Cir., 1947, 160 F.2d 673, certiorari denied, 1947, 331 U.S. 855, 67 S.Ct. 1743, 91 L.Ed. 1863; Petrowski v. Nutt, 9 Cir., 1947, 161 F.2d 938.

■ As this court lacks jurisdiction to entertain a direct proceeding for relief in the nature of mandamus, this

jurisdictional lack cannot be surmounted by filing a complaint for declaratory judgment. Marshall v. Crotty, supra [185 F.2d 626]. The following is quoted from the case just cited:

"In this connection we refer to the statement in Putnam v. Ickes, 1935, 64 App.D.C. 339, 78 F.2d 223, 226: 'We think it is clear from any reasonable construction of the acts that the Declaratory Judgment Act has not given the courts jurisdiction over any controversy that would not be within their jurisdiction if affirmative relief were being sought. The act merely declares that a court of the United States has power "in cases of actual controversy * * * to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed." (28 U.S.C.A. § 400.) It clearly follows, we think, that in any actual controversy wherein the court otherwise has jurisdiction of the subject-matter and the parties the court has power to determine the rights of the petitioner, although the case may not have developed to a point wherein affirmative relief could be given. That is as far as the act goes. The right of the court to assume jurisdiction is to be determined by the principles laid down in the Judicial Code. The Declaratory Act is in no respect amendatory of the Judicial Code either directly or by implication. If Congress had intended by this act to extend the jurisdiction of the courts in cases arising under it, it would have so stated in the act, and, in the absence of such statement or language clearly implying such intent, the act must be limited to the jurisdiction expressed therein.' See also the discussion by Vinson, Associate Justice, in Doehler Metal Furniture Co. v. Warren, 1942, 76 U.S.App.D.C. 60, 129 F.2d 43, 45."

■ Furthermore if relief in the instant case were confined to a declaratory judgment in the terms requested, the judgment would be futile and ineffective. A declaratory judgment does not command action, and here indeed, coercive process in the nature of mandamus would not be within the power of this court. It is not asserted that the named defendants are invested with the authority to reinstate plaintiff to his former status, and it appears that plaintiff would gain nothing by obtaining a declaratory judgment against these defendants. Marshall v. Crotty, supra. The court is in agreement with the conclusion of Judge Driver in Palmer v. Walsh, supra, i. e. [78 F.Supp. 66], "that the power to issue writs of mandamus does not give a court such general jurisdiction over the agency or subject matter as to enable it to choose another form of relief, the declaratory judgment, for cases in which the writ of mandamus itself could not be issued."

■ Plaintiff maintains that the Secretary of the Army and the Adjutant General of the Army are neither necessary nor indispensable parties to this suit. It is the court's view, as another ground for denying relief in this action, that they are indispensable parties applying the rule enunciated in Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 189, 92 L.Ed. 95.

■ In that case the Supreme Court held: " * * * the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him."

■ On the other hand, suit is permitted " * * * against a public official who invades a private right either by exceeding his authority or by carrying out a mandate of his superior. * * * In those situations relief against the offending officer could be granted without risk that the judgment awarded would 'expend itself on the public treasury or domain, or interfere with the public administration.'" The decree to be entered should " * * * effectively grant

the relief desired by expending itself on the subordinate official who is before the court."

2. Portions of Army Regulations concerning Separation Certificates are quoted as follows:

"AR 615-360          Section II

"Separation Certificates

"4. Discharge certificates.—Discharge certificates are furnished enlisted and inducted personnel when they are discharged. Instructions for the completion of the various types of discharge certificates are in SR 615-360-1. The five types of discharge certificates, the issuance of which is governed by these regulations and those listed in paragraph 13, are as follows:

| Form No. | Type of Discharge | Character of Discharge | Given by |
| --- | --- | --- | --- |
| DD Form 256A | Honorable | Honorable | Administrative Action |
| DD Form 257A | General | Under honorable conditions | Administrative Action |
| DD Form 258A | Undesirable | Under conditions other than honorable | Administrative Action |
| DD Form 259A | Bad Conduct | Under conditions other than honorable | Sentence of special or general court-martial |
| DD Form 260A | Dishonorable | Dishonorable | Sentence of general court-martial" |

"SR  615-360-1  C  2  13  July  1954

"Enlisted Personnel

"Separation of Enlisted Personnel

"Table I

"Regulations Governing Discharge and Release from the Active Military Service

| Authority for Separation | Reason for separation | Form or separation certificate | Eligibility for separation | Ordered by |
| --- | --- | --- | --- | --- |
| SR 600–220–1 | Military personnel security program | Undesirable or general | Personnel to be discharged under this authority to be specified by order of the Secretary of the Army | The Secretary of the Army" |

From the foregoing regulations it appears that a separation under authority of 600–220–1 is an administrative discharge, either general or undesirable, ordered solely by the Secretary of the Army.

The named defendants were merely complying with orders given to them by their superiors, and in order to give plaintiff effective relief a decree would have to be entered by this court affecting parties not named as defendents in this suit. The cancellation of the discharge certificate, assuming power to order this relief resides in this court, would not accomplish plaintiff's objective, for it does not appear that the named defendants are possessed with the authority to reinstate plaintiff, and, therefore, cancellation of the discharge certificate without restoration of plaintiff's status would in effect be a vain act.

[13] In the case at bar, the record reveals that plaintiff's discharge was by order of the Secretary of the Army.[3]

The conclusion of the court is that a decree attempting to declare the rights

and the proper actions of the parties to this suit would command the action of an absent superior either to exercise directly a power lodged in him or to have a subordinate exercise it for him. Williams v. Fanning, supra; Blackman v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Daggs v. Klein, 9 Cir., 1943, 169 F.2d 174; Reeber v. Rossell, 2 Cir., 1952, 200 F.2d 334; Diaz-Montero v. Brownell, 9 Cir., 1954, 217 F.2d 737.

Williams v. Fanning, supra, is distinguishable from the instant case. In the former case an order was given by a superior officer to an inferior officer commanding him to do certain continuing acts. An order of the court directing the inferior officer "to stop" such conduct could clearly expend itself on the inferior. In the case at bar the discharge of plaintiff has been accomplished. The court cannot frame an order which can be directed to defendants compelling them "to stop" an activity in which they are presently engaged. The law is clear and justifiable that the court will not exercise its jurisdiction to interfere with the public administration by issuing its decree where the decree cannot expend itself upon the officers before it. Money v. Wallin, 3 Cir., 1950, 186 F.2d 411; Webster v. Fall, 1925, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411; Gnerich v. Rutter, 1925, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068.

As a third defense to this action the defendants contend that there are administrative remedies of which plaintiff has not availed himself.

When plaintiff was discharged under authority of the order of the Secretary of the Army at 12:10 P. M., March 26, 1955 his status changed from soldier to civilian. United States ex rel. Roberson v. Keating, D.C.1949, 121 F.Supp. 477; Reid v. U. S., D.C.1908, 161 F. 469; U. S. v. Kelly, 1872, 15 Wall. 34, 82 U.S. 34, 21 L.Ed. 106. The discharge is not subject to collateral attack, Reid v. U. S., supra; Nordmann v. Woodring, D.C. 1939, 28 F.Supp. 573; Ex parte Drainer, D.C.1946, 65 F.Supp. 410. Recognizing the finality of discharge, Congress has taken appropriate action to provide remedies where their need has appeared. Congress has established a procedure for administrative review of the characterization of a discharge, 38 U.S.C.A. § 693h and for the correction of any military record to remove an injustice. 5 U.S.C.A. § 191a; Gentila v. Pace, supra; Bolger v. Marshall, 1951, 90 U.S.App. D.C. 30, 193 F.2d 37. It is the court's view that plaintiff has failed to exhaust these administrative remedies, which are in substance, designed to give plaintiff the relief he requests of this court.

The contention of mootness by defendants is a reiteration, in a different form, of the position taken in the other grounds heretofore considered, and therefore need not be independently discussed.

In accord with the foregoing the relief prayed for by plaintiff is denied.