Theodore BERNSTEIN, Stanley Hauser, Bertram Lessuck, David Lubell, Jonathan Lubell, Bernard Radoff, Samuel Suckow, Rudolph Thomas, Inductees in the Army of the United States, Plaintiffs,

v.

Lieutenant General Thomas W. HERREN, Commanding General, First Army, Fort Jay, Governor's Island, New York, Defendant.

United States District Court
S. D. New York.
Nov. 18, 1955.
Supplemental Opinion Jan. 4, 1956.

Albert L. Colloms, Stanley Faulkner, New York City, for plaintiffs.

Paul W. Williams, U. S. Atty., S.D. New York, New York City, by Harold J. Raby, New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

Plaintiffs, inductees now serving in the Army at Fort Dix, New Jersey, have sued for a declaratory judgment concerning their discharge rights, and have moved for a preliminary injunction restraining the defendant from taking proceedings against them under regulation AR 604–10 (July 29, 1955). The defendant has cross-moved for dismissal under Fed.Rules Civ.Proc. rule 12(b)(6), 28 U.S.C.A., on the ground that plaintiffs have failed to exhaust their administrative remedies, and under Rule 12(b)(1), on the ground that the person named as defendant is without authority over the subject matter of the suit.

The complaint is directed at the conduct by the Army of certain proceedings under AR 604–10, leading possibly to the termination of plaintiffs' Army service with discharges other than honorable. It is alleged that such discharges are threatened solely on the basis of facts and occurrences existing prior to plaintiffs' inductions, despite their satisfactory and honorable service. And it is further alleged that so much of the regulation as deals with termination of service on the basis of acts prior to induction is invalid.

The motion to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted, in that plaintiffs have failed to exhaust their administrative remedies, stands in the posture of admitting the well-pleaded material allegations of the complaint. Consequently, for the purposes of the motion to dismiss under Rule 12(b)(6), the following facts are deemed admitted: that proceedings have been instituted pursuant to AR 604–10 to determine the suitability of plaintiffs for retention in the Army; that during the plaintiffs' entire military careers they have conducted themselves in an exemplary fashion with character and efficiency rates of at least excellent;

and that the allegations or charges against them involve conduct, lawful when performed, which pre-dates their inductions under the Universal Military Training and Service Act, 50 U.S.C.A. Appendix, § 451 et seq. (except that in those cases of kinship and association the kin referred to are presently alive and the other associates mentioned may be alive).

It is true that under AR 604–10 the field board hearings scheduled [1] are merely first steps in an administrative process which ends with recommendations of the Department of the Army Review Board in Washington, and the plaintiffs have failed to make any attempt to exhaust this administrative process.[2] But a well-recognized exception to the requirement of the exhaustion of administrative remedies exists where the action of the administrative body is jurisdictionally defective, in violation of the plaintiffs' legal rights under statute. Skinner & Eddy Corp. v. United States, 249 U.S. 557, 39 S.Ct. 375, 63 L.Ed. 772; Fitzpatrick v. Snyder, 1 Cir., 220 F.2d 522; Dragna v. Landon, 9 Cir., 209 F.2d 26; United States ex rel. DeLucia v. O'Donovan, 7 Cir., 178 F.2d 876; Wettre v. Hague, 1 Cir., 168 F.2d 825. And it is the claim of the plaintiffs that they have a statutory right to be considered for discharge strictly on the basis of the merits of their military service, without being put in jeopardy of a less than honorable discharge on the basis of anything extraneous to that service.

Legislation on the subject of discharge [3] leaves the matter largely to be dealt with by regulation, and there is no contention that the Secretary of the Army may not establish appropriate procedures. But it is contended that the procedure under AR 604–10, in so far as it purports to authorize proceedings based upon conduct antedating induction, is not authorized and is illegal. With this position, on the basis of the assumptions made, I am in agreement. An honorable discharge encompasses a property right, as well as civil rights and personal honor. United States ex rel. Roberson v. Keating, D.C., 121 F. Supp. 477. If an honorable discharge were denied to a soldier with an unexceptionable service record, on the basis

1. The plaintiff Bernstein has, in accordance with provisions of AR 604–10, submitted a letter of rebuttal in lieu of a hearing. Par. 31c(1).

2. For the obvious reason that the conclusion of the administrative process is the issuance of a discharge, the reviewability of which by the courts is doubtful. Davis v. Woodring, 72 App. D.C. 83, 111 F.2d 523; Marshall v. Wyman, D.C., 132 F.Supp. 169; Nordmann v. Woodring, D.C., 28 F.Supp. 573. The possible unavailability of judicial review, however, is not a justification for the failure to exhaust administrative remedies. Macauley v. Waterman S.S. Corp., 327 U.S. 540, 545, 66 S.Ct. 712, 90 L.Ed. 839.

3. The Universal Military Training and Service Act, 50 App. § 451 et seq., 50 U.S.C.A.Appendix, § 451 et seq., under which the complaint alleges the plaintiffs were inducted, provides, in § 454(b):
"Each person inducted into the Armed Forces under the provisions of subsection (a) of this section shall serve on active training and service for a period of twenty-four consecutive months, unless sooner released, transferred, or discharged in accordance with procedures prescribed by the Secretary of Defense * * *."

Section 652a of Title 10, U.S.Code, 10 U.S.C.A. § 652a, provides:
"No enlisted person, lawfully inducted into the military service of the United States, shall be discharged from said service without a certificate of discharge, and no enlisted person shall be discharged from said service before his term of service has expired, except in the manner prescribed by the Secretary of the Department of the Army, or by sentence of a general or special court-martial."

Section 16 of Title 10, U.S.Code, 10 U.S.C.A. § 16, provides:
"The President is authorized to make and publish regulations for the government of the Army in accordance with existing laws, which shall be in force and obeyed until altered or revoked by the same authority: Provided, That said regulations shall not be inconsistent with the laws of the United States."

merely of pre-induction conduct, it would in my opinion be a deprivation of property without due process of law, and a regulation establishing a procedure for effecting such a denial could not be authorized by statute. In a different context the Supreme Court has said, "* * * the constitutional guarantee of due process is meaningful enough, and sufficiently adaptable, to protect soldiers * * * from * * * crude injustices * * *." Burns v. Wilson, 346 U.S. 137, 142, 73 S.Ct. 1045, 1049, 97 L.Ed. 1508. An honorable discharge is a formal final judgment on the military record of a soldier. United States v. Kelly, 15 Wall. 34, 82 U.S. 34, 21 L.Ed. 106; In re Fong Chew Chung, 9 Cir., 149 F.2d 904; Ex parte Drainer, D.C., 65 F.Supp. 410, affirmed, 9 Cir., 158 F.2d 981; Griffin v. United States, D.C., 115 F.Supp. 509. It would seem basic, therefore, that a soldier has a right to an honorable discharge if his military record merits it and that he cannot be held to answer, in the consideration of his discharge, for matters extraneous to that record.[4] It has recently been held by the Supreme Court, in United States ex rel. Toth v. Quarles, 76 S.Ct. 1, that after the discharge of a soldier he cannot even be held by the Army to a trial for a crime alleged to have been committed while he was in the service. It is certainly not contended that the Army could try a soldier for a crime alleged to have been committed prior to his entry upon service. Yet to put a soldier in jeopardy of a less than honorable discharge for acts committed prior to induction—and for acts which were not criminal—is scarcely less offensive to our notions of rudimentary fairness. A procedure which postulates pre-induction civilian conduct as the basis for a less than honorable discharge could not be countenanced and it must be concluded that such a procedure is legislatively unauthorized. Therefore, on the basis of the assumptions involved in a motion to dismiss under Rule 12(b) (6), that the plaintiffs are being held to answer by the Army for their prior civilian conduct under the procedure of AR 604–10, leading to the possible consequence of discharges less than honorable, I conclude that there is a clear violation of their rights rendering unnecessary the exhaustion of administrative remedies.

The defendant has also moved to dismiss on the ground of lack of jurisdiction over the subject matter, in that the conduct of a field board of the Army[5] insofar as the plaintiffs are concerned is not subject to the control of the defendant in this suit. The defendant is being sued in his official capacity as Commander of the First Army, with headquarters in this district. The field boards have apparently been called by order of the plaintiffs' Commanding Officer, the Commanding General at Fort Dix, New Jersey, not within this district. It is urged that it is the latter officer who should have been made the defendant. In support of this part of the motion to dismiss, an affidavit has been submitted by counsel, on information and belief, concerning the defendant's lack of authority. Thus, considering the motion as a "speaking motion" under Rule 12(b) (1), 2 Moore's Federal Practice, 2256, 2d ed., it must fail, for the affidavit is ineffective to establish the claimed lack of authority by the defendant. The essential averments in the affidavit are not only without personal knowledge but they are largely conclusory in nature. And even considering

---

4. Note § 459(a) of Title 50 App., 50 U.S. C.A.Appendix, § 459(a). "Any person inducted into the armed forces under this title [The Universal Military Training and Service Act] for training and service, who, in the judgment of those in authority over him, satisfactorily completes his period of training and service under section 4(b) [section 454(b) of Appendix] shall be entitled to a certificate to that effect upon the completion of such period of training and service, which shall include a record of any special proficiency or merit attained. * * *"

5. And presumably the conduct of the procedure involving a letter in lieu of a field board hearing, pertaining to the plaintiff Bernstein.

AR 604–10 to be the proper procedural reference, an analysis of that regulation leaves it far from clear that the defendant is as devoid of authority as claimed.

 Finally, it is argued that the failure to join the Secretary of the Army, at whose instance final action would be taken under AR 604–10, is a failure to join an indispensable party, an incurable defect because the Secretary's residence is in the District of Columbia. Under Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, and Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, that contention is without merit. The distinction is urged that an injunction against the defendant would call for an affirmative act which he is powerless to perform. As already indicated, it is not at this time clear that he lacks the necessary power. It is furthermore not clear at this time that a mandatory act on the part of the defendant would be required, on the ground that a restraint upon the defendant may well operate on his subordinates as his agents. In any event, this court has the power, in the appropriate circumstances, to issue a mandatory injunction, Trautwein v. Moreno Mut. Irr. Co., 9 Cir., 22 F.2d 374, and there is no present basis for holding that such a process would be ineffective against the officer now before the court. Cf. Levin v. Gillespie, D.C., 121 F.Supp. 726.

 The motion for a preliminary injunction stands in an entirely different posture from the motion to dismiss under Rule 12(b) (6). It is familiar and elementary law that "the granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. * * * To justify the granting of such an injunction there must be a showing of irreparable injury during the pendency of the action." Warner Bros. Pictures v. Gittone, 3 Cir., 110 F.2d 292, 293. The termination of plaintiffs' Army service with less than honorable discharges would so

brand and stigmatize them, with consequences too obvious to require specification, as to make irreparable injury undeniable. It is inconceivable to me that the Army would so terminate a soldier's service on the sole basis of conduct occurring prior to induction. The exercise of military jurisdiction to inflict painful and injurious consequences, if not "punishment", upon a service man for prior civilian conduct would be a shocking perversion of the elementary canons of due process. I do not doubt that plaintiffs genuinely fear the imminence of such injury. But the facts on which the fear is based do not appear in the record by which I am bound to decide. I would not assume, and could not if I would, for the purposes of preliminary injunction, the existence of facts warranting the court's intervention.

All that does appear is the fact that field board hearings have been scheduled to initiate the procedure whereby the feared result may occur.[6] Even this fact was established, not by plaintiffs in support of their motion for a preliminary injunction, but by defendant in support of his motion to dismiss. There are general statements in a memorandum about charges made against the plaintiffs, and there is also a conclusory statement that the plaintiffs are threatened with a discharge, no matter how any field board hearing might go, no better than a "general discharge under honorable circumstances", on the ground that they refused to complete DD 98 forms ("Loyalty Certificates for Personnel in the Armed Forces"). No testimony was offered, no affidavits were submitted and no proof of any fact was undertaken. Certainly, no showing has been made to afford me a reasonable ground to believe that the Army will, if no injunction is granted, terminate plaintiffs' service with less than honorable discharges on the basis merely of their lawful civilian conduct.

 The most I can conclude is that the plaintiffs are in great fear and apprehension of such an irreparable in-

---

6. And in the plaintiff Bernstein's case, the letter of rebuttal in lieu of hearing.

jury, an insufficient basis for the granting of the extraordinary relief of preliminary injunction. Behre v. Anchor Ins. Co., 2 Cir., 297 F. 986. By the same token, from the facts before me, I cannot reach the conclusion of a likelihood of ultimate success in the action, a conclusion prerequisite to the granting of the injunction. Hall Signal Co. v. General Railway Signal Co., 2 Cir., 153 F. 907.

The kindest view I can take of the matter is that plaintiffs' counsel have labored under a misapprehension about admissions or concessions by the defendant. If that view has any substance, then the plaintiffs have not had their day in court on their motion, an eventuality distasteful to the pursuit of justice. Rather than deny the motion for a preliminary injunction, therefore, I shall hold it in abeyance for a short time to give the plaintiffs an opportunity to make the necessary showing, if they can. Accordingly, counsel may apply immediately for a further hearing. The cross-motion to dismiss will be denied.

### Supplemental Opinion

Plaintiff inductees in the United States Army have previously moved for a preliminary injunction restraining the defendant from taking proceedings against them under regulation AR 604–10, pending the outcome of their suit for a declaratory judgment concerning their discharge rights. In a memorandum dated November 18, 1955, the court held the motion in abeyance pending the making of a showing by plaintiffs (which they had not attempted) of the imminence of irreparable injury. Specifically, plaintiffs were required to make a

showing that the Army would, if no injunction were granted, terminate plaintiffs' service with less than honorable discharges on the basis merely of their lawful civilian conduct.

Inasmuch as the charges against the plaintiffs have not yet been decided, or even heard, a showing of irreparable injury can obviously not be predicated upon them, for the charges may conceivably be held groundless. The showing was, however, predicated upon the claim, which is conceded, that plaintiffs, having failed to complete a "Loyalty Certificate for Personnel of the Armed Forces", form DD 98,[1] they cannot qualify for more than a general discharge under honorable conditions, under paragraph 17b(1) (b) of AR 604–10. An affidavit was submitted, at the court's request, purporting to set forth the relative times of the claims of privilege and of inductions. The purpose to be served by such proof would be to determine the effective time of inferences which could be drawn from the claim of privilege in refusing to complete the form (leaving aside entirely the issue of the propriety of drawing any inferences at all). If the claim of privilege was previous to or simultaneous with induction, then any logical inferences drawn must certainly be relevant only to civilian conduct.[2]

The affidavit submitted, however, was in such form as to be of little or no help in such an analysis. But the plaintiffs have in any event failed to make the necessary showing of irreparable injury. The discharge which they are in imminent prospect of re-

---

1. One of the plaintiffs did complete the form the day after induction.

2. The defendant argues that the plaintiffs' prior civilian conduct is properly evidentiary upon the plaintiffs' subsequent security status in the army. There can be no doubt of the validity of that argument. The issue, however, to which it is addressed is not the determination of the security status of an individual soldier, nor even his retention in the army, but the infliction of harm by means

of a discharge without honor in the case of one who not only does not merit such a discharge on the basis of his actual service, but who was inducted with knowledge on the part of the Army, actual or constructive, of his civilian background. Viewing the issue in this light, the defendant for the first time argues, with the citation of substantial authority, that the court is nevertheless without jurisdiction to review a discharge after its issuance or to enjoin the issuance of a discharge.

ceiving is a general discharge under honorable conditions which, defendant submits, entitles the recipient to the same benefits and perquisites as an honorable discharge. Par. 7, AR 615–30. And the plaintiffs have made no showing whatever, and have attempted to make none, that such a discharge qualifies as the kind, described in the previous memorandum, that would brand and stigmatize a recipient so as to cause him irreparable injury.

Accordingly, in the absence of a proper showing of irreparable injury by the plaintiffs, the motion for a preliminary injunction will be denied.