Theodore BERNSTEIN, Stanley Hauser, Bertram Lessuck, David Lubell, Jonathan Lubell, Bernard Radoff, Samuel Suckow, Rudolph Thomas, inductees in the Army of the United States

v.

Lieutenant General Thomas W. HERREN, Commanding General, First Army, Fort Jay, Governor's Island, New York.

United States District Court
S. D. New York.
March 8, 1956.

Albert L. Colloms and Stanley Faulkner, New York City, for plaintiffs.

Paul W. Williams, U. S. Atty., New York City, Harold J. Raby, Asst. U. S. Atty., New York City, of counsel, for defendant.

RYAN, District Judge.

Plaintiffs and defendant have both moved for summary judgment. Plaintiffs are soldiers of the United States Army presently stationed at Fort Dix, New Jersey, and in the service following induction under the Universal Military Training Act of 1950, 50 U.S.C.A. Appendix, § 451 et seq. The defendant, Lieutenant General, is the Commanding General of the First Army area, within which Fort Dix is located.

This suit was filed under Section 2201, Title 28 U.S.C.A., for a declaratory judgment; jurisdiction is alleged under the Constitution and the Universal Military Training Act of 1950. The relief sought is a judgment which will be "a declaration of the rights of the plaintiffs and obligations of the defendants" and pending determination that "the defendant be restrained from proceeding against the plaintiffs in any manner pursuant to the said Regulation AR 604–10."

These regulations provide for the administrative process within the Army by which it is determined whether a particular member of this service is, or is not, a person whose continued service is consistent with the interests of national security. In brief, the procedure laid down is that the Army, upon notice of what is called "derogatory information" and following its own investigation of which the soldier is not advised and in which he is given no opportunity to participate, serves upon the soldier a letter of "allegations"; the soldier is then afforded three alternate courses of action:

he may request a personal hearing before a Field Board of Inquiry, file written answer to the letter of "allegations," or elect to be discharged. The regulations afford plaintiffs opportunity to appear not only before a Field Board of Inquiry, which is charged with the duty of recommending which of several courses is to be taken, and in the event of recommending a discharge in the interests of national security, the type of discharge. The Field Board is directed to forward its recommendations to the Commander who appointed the Board, and he is to include his recommendations in an endorsement forwarding the complete case to the Adjutant General, who must refer the matter to the Army Review Board for final review and recommendation to the Adjutant General for his final action. A proceeding then to review the type and nature of the discharge may be begun by the soldier under Section 693h of Title 38 U.S.C.A.

Each of the plaintiffs has been served with a letter of "allegations" specifying certain "derogatory" information; those allegations, different as to each plaintiff, contain specifications which come within two groupings—personal conduct or activities prior to induction, and of family associations.

The Army procedure has only reached that stage where a Field Board of Inquiry has been designated to act.

The plaintiffs seek a declaratory judgment judicially denouncing as unlawful the procedures provided and the standards and criteria prescribed by these regulations. No factual issue is presented.

Prior application to Judge Edelstein for an injunction pendente lite was denied; he also denied the defendant's motion to dismiss on the ground of lack of jurisdiction over the subject matter pleaded. I may, however, on these motions examine anew the question of law presented. In a somewhat similar suit, Judge Sugarman, Bernstein v. Herren, D.C., 136 F.Supp. 493, dismissed the complaint as prematurely brought.

Inquiry, at the "threshold" must be made as to whether the Court has "any business to decide the case at all." See, Mr. Justice Frankfurter in Joint Anti-Fascist Committee v. McGrath, 341 U. S. 123, 71 S.Ct. 624, 637, 95 L.Ed. 817.

 I agree with Judge Sugarman's view and hold that this suit has been prematurely brought; the threatened injury may never materialize if the administrative process is exhausted; but I also dismiss and hold that the district court has no jurisdiction over the subject matter of the controversy even had the administrative process been exhausted.

 Plaintiffs were legally inducted into the armed forces and are subject to the jurisdiction of the Army. Whether they are to be discharged prior to the expiration of the period of required service and if so, when, is not subject to judicial review. The Army likewise has the sole right to fix the qualifications of those whom it chooses to retain. No court is vested with jurisdiction over the Army to the extent that it may forbid or restrain a discharge or order one discharged restored to duty.

Whether and to what extent the courts have power to review or control the Army's action in fixing the type of discharge certificates issued to soldiers was not determined by the Supreme Court in Patterson v. Lamb, 1946, 329 U.S. 539, 542, 67 S.Ct. 448, 91 L.Ed. 485. There have been several holdings that a discharge once issued is conclusive and may not be subjected to judicial review. Gentila v. Pace, 90 U.S.App.D.C. 75, 193 F.2d 924; Davis v. Woodring, 72 App. D.C. 83, 111 F.2d 523; Marshall v. Wyman, D.C., 132 F.Supp. 169.

 Section 693h, Title 38, U.S.C.A., provides the only remedy available to one who seeks to review the type and nature of discharge or dismissal from the armed forces.

Complaint is dismissed for lack of jurisdiction; the Clerk is directed to enter judgment in favor of the defendant without costs.