234 F.2d 434
 Theodore BERNSTEIN, Stanley Hauser, Bertram Lessuck, David
Lubell, Johnathan Lubell, Bernard Radoff, Samuel
Suckow, Rudolph Thomas, Inductees in the
Army of the United States,
Plaintiffs-Appellants,
v.
Lieutenant General Thomas W. HERREN, Commanding General,
First Army, Fort Jay, Governor's Island, New York,
Defendant-Respondent.
 No. 372, Docket 24055.
 United States Court of Appeals Second Circuit.
 Argued April 6, 1956.
Decided June 1, 1956.
 
 Rabinowitz & Boudin, Victor Rabinowitz, Stanley Faulkner, Albert L. Colloms, New York City, for plaintiffs-appellants.
 Paul W. Williams, U.S. Atty., New York City, Harold J. Raby, Asst. U.S. Atty., New York City, of counsel, for defendant-respondent.
 Before FRANK, LUMBARD and WATERMAN, Circuit Judges.
 FRANK, Circuit Judge.
 
 
 1
 The facts here, set forth fully in opinions by Judge Edelstein, 136 F.Supp. 493 (denying a request for a preliminary injunction by plaintiffs and a motion to dismiss by defendant) and Judge Ryan, D.C.S.D.N.Y. 141 F.Supp. 78 (granting defendant's motion for summary judgment dismissing the complaint), are similar to those in Schustack v. Herren, 2 Cir., 234 F.2d 134, and has been considered by us as a companion case. Plaintiffs here, as in Schustack, seek declaratory and injunctive relief concerning the legality of the proposed determination by subordinates (members of the Field Board convened pursuant to AR 604-10) of defendant, the Commanding General of the First Army, concerning the character of plaintiffs' discharges. They appeal from the order of the district court granting defendant's motion for summary judgment dismissing the complaint because the action was prematurely brought and for lack of jurisdiction.
 
 
 2
 This case is in part governed by our decision, in Schustack v. Herren. However, Schustack does not cover one phase of the instant case: The plaintiffs here are charged with post-induction conduct consisting of their refusal, authorized by a regulation, to answer certain questions, after induction, on the ground of the self-incrimination privilege accorded by the Fifth Amendment.[1]
 
 
 3
 We must affirm solely for the reasons stated in points 3 and 4 of our opinion in the Schustack case, i.e., the absence of the superior officers who alone have the authority to issue discharges.[2] In their absence from the suit, neither an injunction nor a declaratory judgment can be effective. We need not reach two questions inherent in the facts of this case-- whether, under the regulations, this particular kind of post-induction conduct would result in the issuance of less than honorable discharges, and whether the issuance of such discharges would violate plaintiff's constitutional rights.
 
 
 4
 Affirmed.
 
 
 
 [1]
 Here, unlike Schustack, the officers who have authority to issue Certificate of Service DD Form 217A) to plaintiffs are within the jurisdiction of the district court. However, as plaintiffs have not complained of the Army's failure to issue them Certificates of Service (and indeed, cannot so complain until their separation from active service), we need not here consider that issue
 
 
 [2]
 Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Burns v. McCrary, 2 Cir., 229 F.2d 286; Reeber v. Rossell, 2 Cir., 200 F.2d 334; Marshall v. Wyman, D.C., 132 F.Supp. 169; Harris v. Bayer, D.C., 18 F.R.D. 392; Cf. United States ex rel. Vassel v. Durning, 2 Cir., 152 F.2d 455