## In re FONG CHEW CHUNG.

## FONG CHEW CHUNG v. UNITED STATES.

### No. 10941.

Circuit Court of Appeals, Ninth Circuit.

June 7, 1945.

---

Gus C. Ringole, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and James T. Davis, and R. B. McMillan, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before DENMAN, STEPHENS and BONE, Circuit Judges.

STEPHENS, Circuit Judge.

Fong Chew Chung's petition for naturalization was denied by the district court and he appeals.

Appellant, a native of China, was lawfully admitted to the United States in 1927. On December 18, 1942 he was inducted into the Army of the United States and was discharged therefrom on August 5, 1943, under an order providing that "Fong C. Chung * * * is hereby Honorably Discharged from the military service of the United States of America. This certificate is awarded as a testimonial of Honest and Faithful Service to his country * * *." The following is endorsed upon the discharge order: "Section VIII A. R. [Army Regulations] 615-360. Ineligible for enlistment or induction." The relevant parts of the Army Regulations are set out in the margin.[1] All emphasis in this opinion is ours.

At the hearing on the petition the court, while rejecting the idea that the military order can be attacked in court, went rather minutely into the reason for the discharge and discerned a difference in meaning as to the wording of the discharge order and that of the statute which provides for the naturalization of an alien who has *"served* honorably" in the military service of the United States. The applicable portions of the statute are as follows:

8 U.S.C.A. § 1001: "Exception from certain requirements.

"Notwithstanding the provisions of sections 703 and 726 of this title, any person

---

[1] The pertinent provisions of § VIII Army Regulations 615-360 read: "Inaptness or Undesirable Habits or Traits of Character.

"51a. Procedure. * * * When an enlisted man—

"(1) Is inapt, or

"(2) Does not possess the required degree of adaptability for the military service after reasonable attempts have been made to reclassify and reassign such enlisted man in keeping with his abilities and qualifications, or

"(3) Gives evidence of habits or traits of character * * * which serve to render his retention in the service undesirable, and rehabilitation of such enlisted man is considered impossible for repeated attempts to accomplish same have failed, or

"(4) Is disqualified for service, physically or in character, through his own misconduct, and cannot be rehabilitated so as to render useful service before the expiration of his term of service without detriment to the morale and efficiency of his organization, his company or detachment

commander will report the facts to the commanding officer."

"55.

"a. Except as otherwise prescribed in b below, the discharge from the Army of the United States (blue) will be given.

"b. An honorable discharge from the Army of the United States will be given when, according to the approved findings of the board of officers required by paragraph 51c, the conduct of the enlisted man during his current period of service has been such as would render his retention in the service desirable were it not for his inaptitude or lack of required adaptability for military service. In such cases the discharge certificate will show that re-enlistment is not warranted."

The stated policy of the War Department in proceedings for discharge appears in paragraph 52a: "No man will be separated from the service prior to the expiration of his term of service for any of the causes enumerated in paragraph 51a unless the Government can obtain no useful service from him by reason of *his mental,*

not a citizen, regardless of age, who has served or hereafter serves honorably in the military or naval forces of the United States during the present war and who, having been lawfully admitted to the United States, including its Territories and possessions, shall have been at the time of his enlistment or induction a resident thereof, may be naturalized upon compliance with all the requirements of the naturalization laws except that (1) no declaration of intention and no period of residence within the United States or any State shall be required; (2) the petition for naturalization may be filed in any court having naturalization jurisdiction regardless of the residence of the petitioner; (3) the petitioner shall not be required to speak the English language, sign his petition in his own handwriting, or meet any educational test; * * *."

The point of the court's adverse decision is that "Honorably Discharged" as used in the certificate of discharge does not mean the same as *"served* honorably," which is used in the statute, for the reason that a soldier may be honorably discharged who has not *served* honorably or who has not served at all. Accordingly, the trial court explored the area back of the discharge order and concluded that the petitioner was either too "dumb" to have given any service or that he had deceptively acted so as to perform no service. His assignment in the army was that of cook. On this line of reasoning the court held that appellant was not entitled to naturalization because he could not qualify under the statute which requires service.

We think the distinction drawn by the court between the expression in the discharge order "Honorably Discharged" and the expression in the statute "served honorably" is erroneous. An honorable discharge connotes that the holder has been a member of the military organiza-

tion of the country and that his conduct while in such organization has been such as to justify the appropriate authorities to certify that it has been honorable. Such a certificate could not rightly be awarded one who had given no service. And it would seem the further statement in the certificate (which appears not to have been considered) that the discharge is "from the Military Service" and that the "certificate is awarded as a testimonial of Honest and Faithful *Service* to his country" constitute together an affirmance by the army authorities that petitioner did perform service and that he had the status of one in the service while in the army.

The Judge Advocate General of the Army has held that an honorable discharge is a "formal, final judgment passed by the Government upon the entire military record of the soldier, and an authoritative declaration by it that he had left the service in a status of honor * * *." This expression was approved in United States v. Kelly, 1872, 15 Wall. 34, 82 U.S. 34, 36, 21 L.Ed. 106; Nordmann v. Woodring, D.C.Okl.,1939, 28 F.Supp. 573; and Davis v. Woodring, 1940, 72 App.D.C. 83, 111 F.2d 523. See footnote 2 for use of the word "service" in the Articles of War.

We hold that the expressions in the certificate, to-wit, "Honorably Discharged," discharged "from the military service," and "certificate is awarded as a testimonial of Honest and Faithful service to his country," bring the certificate holder within the beneficial scope of the statute which requires that the alien shall have "served honorably." It is our opinion that the district court was without the jurisdiction to go back of the discharge order upon the subject of petitioner's service while he was in the army.[3]

In the course of the hearing it was revealed that petitioner had lived in Chinatown, San Francisco, for many years without making any appreciable effort to ac-

---

moral, or physical disqualification once such man has been accepted for service as an enlisted man in the Army of the United States."

2 Art. 108, 10 U.S.C.A. § 1580: "Soldiers; separation from the service. No enlisted man, lawfully inducted into the military service of the United States, shall be discharged, from said service without a certificate of discharge, signed by a field officer of the regiment or other organization to which the enlisted man belongs or by the commanding of-

ficer when no such field officer is present; and no enlisted man shall be discharged from said service before his term of service has expired, except by the order of the President, the Secretary of War, the commanding officer of a department, or by sentence of a general court-martial." (Manual for Courts-Martial, U. S. Army 1928, pp. 203, 227.)

3 As to finality of the supporting statutory law, see Judge Vought's opinion in Nordmann v. Woodring, D.C.Okl., 1939, 28 F.Supp. 573.

quaint himself with American ways, American government and the language commonly in use. Judged by the ordinary standards petitioner offered little, if anything, tending to qualify him for citizenship. The powerful pull of such fact, no doubt, swayed the experienced, able and patriotic Judge who presided at the hearing, from the narrow and painful course of the enacted law.

The endorsement upon the certificate of discharge as to appellant's ineligibility for re-enlistment is of no moment to the issue of this case.[4]

Reversed and remanded with instructions to proceed with the hearing in accordance with this opinion.

---

[4] The Department of Justice has not contended that the judgment should be affirmed, contenting itself with an able but neutral brief.