In the Matter of GERARD E. NISTAL, Petitioner, against KARL F. HAUSAUER, as Commanding General of the New York National Guard, Respondent.

Supreme Court, Special Term, New York County, July 30, 1952.

*Arthur G. Warner, James E. Birdsall* and *Samuel A. Goldberg* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Jerome O. Glucksman* of counsel), for respondent.

BREITEL, J. Petitioner, a former member of the New York Air National Guard, seeks in this article 78 proceeding to compel respondent, commanding general of the guard, to direct the issuance to him of an honorable discharge.

Respondent has cross-moved for an order dismissing the petition on the ground (1) that the court lacks jurisdiction and (2) that the proceeding was not brought within the four-month period of limitation (Civ. Prac. Act, § 1286). Only the first ground need be considered.

Petitioner, after several previous periods of Federal military service, each terminated by honorable discharge, enlisted in the New York Air National Guard in November, 1947. To the question in the application form " Were you ever convicted * * * of any offense ", petitioner indicated " No ". He did so after inquiring of the recruiting officer whether his two previous convictions by courts-martial required an affirmative answer. He was informed that the question referred only to criminal convictions in civil courts, and that his answer should be in the negative.

In December, 1950, petitioner submitted a request for an honorable discharge before the expiration of his enlistment in order to assume a position with his employer in the defense effort of the United States. Petitioner's application was referred to a discharge board convened by his commanding officer. On December 18, 1950, petitioner appeared before the board. He was given a hearing at which he was informed that he was being charged with fraudulent enlistment because he had answered in the negative the question on the recruiting form relative to previous convictions. Petitioner alleges that he received no copy of any charges against him; received no opportunity to present evidence or to be confronted with the witnesses or see the evidence against him; and was not given the right to counsel or advised of his right to obtain a continuance. Petitioner claims further that the board acted upon unsworn statements of witnesses whom he neither heard nor

cross-examined. Petitioner informed the board of the circumstances under which he gave a negative answer to the question on the application form. He told the board that he had displayed to the recruiting officers his honorable discharge, which disclosed the fact of his two convictions by courts-martial. Petitioner asked the board whether it wished anything further to substantiate his explanation. He was told that no other evidence was necessary. The hearing was then closed. Thereafter a special order " By Command of the Governor ", signed by respondent as chief of staff, directed the petitioner's discharge " Not honorable   *   *   *   for fraudulent enlistment ". Subsequently a discharge certificate " by reason of Fraudulent Enlistment " was issued to petitioner, who claims damage to his property rights, earning capacity and reputation because of the discharge without honor.

The question presented is whether this court has jurisdiction to compel respondent to direct the issuance to petitioner of an honorable discharge.

Petitioner relies upon *People ex rel. Smith* v. *Hoffman* (166 N. Y. 462), which held that a determination of a board of examination as to the capacity and fitness for service of a National Guard officer was a judicial finding by a military tribunal, and therefore subject to review. In that case an adverse determination by the board was a prerequisite to removal of the officer, since under section 6 of article XI (now art. XII) of the New York State Constitution, adverse findings of an examining board were one of the enumerated grounds for removal. The examining board was held to be not merely advisory to the Governor, but judicial in its character. Thus its findings were subject to review by the civil courts on writ of certiorari.

No similar constitutional or statutory restrictions are placed upon the discharge, either honorable or " without honor," of enlisted men. The Governor alone may order the discharge of enlisted men before the expiration of their terms of enlistment or their attainment of retirement age. His power derives from his status as commander in chief of the National Guard in time of peace. (Military Law, § 3.) It is akin to the power of the President or Secretary of War with respect to the Army. (Military Regulations of State of New York, reg. No. 2, § I, subd. 5.)

Discharge before expiration of enlistment is subject to such conditions " as may be prescribed by applicable laws and regulations of the United States " (Military Law, § 93). Article 108 of the Articles of War (U. S. Code, tit. 10, § 1580) forbids the discharge of enlisted men before expiration of their term of

service, except by order of the President, the Secretary of War, the commanding officer of a department, or by sentence of a general court-martial.* The New York statutes and regulations provide for no State official to act as the State equivalent to the Federal officers mentioned, except the Governor with respect to the President and the Secretary of War.

It is the Governor, then, who has the power to order discharges under the circumstances presented by petitioner's case. That subdivision 12 of section IV of State Military Regulation No. 15 sets up a procedure for processing applications for discharge which includes the convening by the commanding officer of a board to make recommendations, is immaterial. The discharge board has no power to make a judicial determination, as did the examining board in the *People ex rel. Smith* v. *Hoffman* case (*supra*), or as does a court-martial (*People ex rel. Higgins* v. *Stotesbury,* 182 App. Div. 691). The position in which petitioner finds himself is summarized in *Reid* v. *United States* (161 F. 469, appeal dismissed 211 U. S. 529) at page 472: "It is, however, further asserted that some infraction of law was wrought by forcing upon Reid a 'discharge without honor.' The phrase is not known to the statutes. It is found only in the army regulations, which are from time to time promulgated by the Secretary of War, but do not bind the Secretary that makes them, and much less the Commander in Chief. Smith v. U. S., 24 Ct. Cl. 209. The exact method of this soldier's discharge and the quantum or kind of character that should be given him, not being regulated by statute, must necessarily be left in the discretion of the executive officer having power to grant some kind of discharge. That it is beyond the power of the judicial branch to coerce or review the discretion of the executive is familiar doctrine." (See, also, *Nordmann* v. *Woodring,* 28 F. Supp. 573.)

The Appellate Division, First Department, has passed upon an analogous question in *Matter of Bianco* v. *Austin* (204 App. Div. 34). In that case petitioner brought mandamus to compel his commanding officer to issue a discharge of the petitioner from his regiment, on the ground of minority. The right to order discharges in such cases was held to have been conferred

---

* In 1947, the statute was renumbered as section 652-a, and, in 1948, amended, deleting references to the President, the Secretary of War, and the commanding officer of a department, and substituting the Secretary of the Department of the Army as the official prescribing the manner by which enlisted men shall be discharged before expiration of their term of service. Parallel reasoning applies nevertheless.

upon the Governor. Without such authorization from the commander in chief of the guard, defendant could not issue the discharge. " Under these conditions, mandamus will not lie." (204 App. Div. 34, 37, *supra;* cf. *People ex rel. Bender* v. *Milliken,* 185 N. Y. 35.)

Similarly, the commanding general of the National Guard may not order the issuance of an honorable discharge to petitioner; only the Governor may do so.

Petitioner's motion is denied. Respondent's cross motion to dismiss is granted.