Jere L. DENTON, Plaintiff,

v.

Robert C. SEAMANS, Secretary of the Air Force, Pentagon, Washington, D. C., Defendant.

No. C–50957.

United States District Court, N. D. California.

July 1, 1970.

Stern, Stotter & Rosenberg, San Francisco, Cal., for plaintiff.

Asst. U. S. Atty. Steven Kazan, San Francisco, Cal., for defendant.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This suit is brought by plaintiff, a former Air Force Captain, against the Secretary of the Air Force for a declaration that his general discharge certificate (under honorable conditions) was illegal and of no effect and for pay and emoluments of the office since that date.

The record shows that plaintiff's discharge resulted from a Board of Inquiry proceeding convened in Germany on August 12–13, 1964, under 10 U.S.C. §

8791 et seq. and Air Force Regulations 36–2. The Board of Inquiry proceedings were thereafter reviewed and affirmed as provided by the statute and the discharge by the Secretary of the Air Force followed on January 26, 1965.

Thereafter, on March 22, 1968, plaintiff applied, pursuant to 10 U.S.C. § 1552, to the Air Force Board For The Correction of Military Records for relief from the discharge on grounds of error and injustice. On May 23, 1968, that Board denied plaintiff's application. This suit was commenced March 14, 1969.

The complaint alleges [1] that the proceedings were illegal for various reasons hereinafter set forth.

The case is now before the court on motion of the defendant Secretary for dismissal or in the alternative for summary judgment based on the certified administrative record filed by counsel for defendant.

The record shows that plaintiff was charged with and discharged for (1) Improper association with one Schumacher, an alleged agent of East German Intelligence Service (Finding 1(a)); (2) Cohabitation and adultery with a woman not his wife, he being married (Finding 1(b)); (3) Improper attitude toward his Commander, Lt. Col. Wyse (Finding 1(c)); (4) Possession of obscene photographs in his Air Force quarters; (5) Mismanagement of his personal affairs (Finding 2); said charges all allegedly being in violation of the applicable regulations.

## DENIAL OF CONFRONTATION AND CROSS-EXAMINATION

Plaintiff's first contention is that the Board improperly admitted into evidence and considered a statement of his commanding officer Lt. Col. Wyse without

---

1. The complaint contains only conclusionary allegations to the effect that "the discharge of plaintiff was illegal for the reasons set forth in detail in Exhibit A." Exhibit A is merely a copy of plaintiff's argumentative application or brief before the Air Force Board For The Correction of Military Records. It makes reference to the administrative record but plaintiff never filed that record with the court. However, we consider this obvious insufficiency of the complaint to have been cured for practical purposes by the filing of the administrative record by the defendant. Our ruling will be made on that record.

granting plaintiff's request for delay of the hearing to take depositions of Wyse or until Wyse would be available to testify.

The statute under which the Air Force Board of Inquiry was held (10 U.S.C. §§ 8791–8796), provides in effect that the Secretary of the Air Force may convene a board of officers to review the record of any commissioned officer to determine whether he shall be required, because of moral dereliction, professional dereliction, or because his retention is not clearly consistent with the interests of national security, to show cause for his retention on the active list (§ 8791); that such officer shall be given a fair and impartial hearing; that the officer shall be notified in writing of the charges against him at least 30 days before hearing and allowed reasonable time, as determined by the Board of Inquiry under regulations of the Secretary, to prepare his defense and allowed to appear in person and by counsel before the Board and allowed full access to and furnished copies of records relevant to his case (§ 8795); that if the Board of Inquiry determines that the officer has failed to establish that he should be retained, it shall send the record to a board of review (§§ 8792, 8793); that the Secretary may remove an officer from the active list if his removal is recommended by a board of review and the Secretary's action in such a case is final and conclusive.

On the subject of "witnesses" the pertinent regulations, AFR 36–2 (Par. 24 (c)), provide that the officer under charges may request the appearance of any witness whose testimony he believes to be pertinent to his case, specifying in his request the type of information the witness can provide, and the Board will invite the witnes to attend if it considers that the witness is reasonably available and that his testimony can add materially to the case (Par. 24(c)).

Further, on that subject, Paragraph 26(d) provides that the Board should invite witnesses to appear if reasonably available and, if in the Board's opinion, their testimony is essential or will contribute materially to the case, Art. 49 USMJ (10 U.S.C. § 849) being used as a general guide in determining availability. The use of affidavits or depositions to obtain testimony of witnesses who are not reasonably available is encouraged. Further, Paragraph 26(d) (2) provides how the Board may request the appearance of members of the Air Force in active military service.

On the subject of "evidence" the pertinent regulations AFR 36–2 (Par. 24 (d)), provide that the officer may submit depositions or unsworn statements, certificates or affidavits for the consideration of the Board of Inquiry and, further, Paragraph 24(f), he may question any witness brought before the Board. Paragraph 26 provides that strict rules of evidence will not be followed but reasonable bounds of relevancy, competency and materiality should be maintained.

On the subject of delay of the hearing Paragraph 26(d) provides that the officer under charges, within 5 calendar days after receipt of notice of place and date of hearing, may request that the hearing be delayed for a specific period of time, normally not more than 15 calendar days; that a delay of more than 15 days will not be granted unless denial will prejudice the rights of the respondent; that requests for delay must clearly establish that the delay is essential for respondent to prepare his case. The Board President will forward any request for delay of more than 15 days to the Major Commander who may approve requests up to 30 days, but, if he disapproves, he in turn will forward it to Air Force Headquarters for final decision.

The record on this point shows that plaintiff was notified as early as February 13, 1964, that he was being recommended for elimination under AFR 36–2 and was furnished with a copy of the letter of recommendation with the evidence in support of the reasons for recommendation attached; his request for a 28 day delay "to obtain statements from certain individuals who live within the

United States" was granted to the extent of 15 days under AFR 36–2, par. 14; on March 16th plaintiff filed his rebuttal; on May 6th a selection board recommended that plaintiff be required to show cause for retention and on May 20th the Commander-in-Chief, Air Force Europe, approved; on May 21st plaintiff was so notified and was again furnished a copy of the elimination recommendation and a copy of the selection board report; on June 2d plaintiff stated his intention of appearing before a Board of Inquiry, acknowledged having counsel and stated his full understanding of the procedures involved and of his rights and options; on July 1st plaintiff was notified of hearing scheduled for July 16th; on July 10th plaintiff requested a 15 day delay to July 31st which was granted, and also requested the appearance of Lt. Col. Wyse as a witness; on July 21st plaintiff acknowledged advice of Lt. Col. Wyse's unavailability (Wyse having departed Germany on July 4th for normal return to the United States) and suggested his deposition be taken or in the alternative requested that plaintiff and his counsel be permitted to return to the United States for oral deposition of Wyse or a delay until Wyse would be available to appear and testify; on July 27th plaintiff acknowledged notice of a further continuance of the hearing to August 12th; on July 29th plaintiff was notified that August 12th was a firm date, citing the previous postponements of the hearing and stating there was inadequate justification for further delay.

On August 12th the Board of Inquiry convened, the hearing concluded on August 13th and the Board made its findings and a recommendation that plaintiff be discharged by general discharge certificate without readjustment pay.

On this record this court is called upon to review the final decision of the Air Force Board For the Correction of Military Records—a board created under 10 U.S.C. §§ 1552, 1553.

It has been held that we may inquire into allegedly wrongful refusal of such a Board of Corrections to grant deserved relief concerning the correction of discharge errors or injustices and that we may determine whether the Correction Board has acted within the sphere of its statutory and constitutional authority. (Van Bourg v. Nitze, 128 U.S.App. D.C. 301, 388 F.2d 557, 563 (1967)). It is the law of this circuit that no judicial relief from action of such a Board for Correction of Military Records is available in the absence of a showing that the action was arbitrary or capricious or was unsupported by substantial evidence. Sanford v. United States, 399 F.2d 693 (9th Cir. 1968).

It has been held that, since the vast majority of military discharges are honorable, anything less than an honorable discharge stigmatizes the recipient and is punitive in nature. Bland v. Connolly, 110 U.S.App.D.C. 375, 293 F.2d 852 (1961); Van Bourg v. Nitze, supra, 388 F.2d at 559. In the present case the plaintiff's discharge was not characterized as less than honorable. On the contrary, it was characterized as a general discharge "under honorable conditions".

AFR 36–2, Par. 7, expressly provides that, except under special determination of the Secretary, the officer will be discharged "under honorable conditions" and furnished a General Discharge Certificate.

It is difficult to understand how such a discharge could be considered as a stigmatization of plaintiff or as punitive. Since, however, that point is not urged by defendant we will assume that it is such and will so regard it for the purpose of this case.

In Brown v. Gamage, 126 U.S.App.D.C. 269, 377 F.2d 154 (1967) involving the same statute and regulations as in the present case, the record showed that ex parte statements had been introduced at the Air Force Board of Inquiry hearing—four from retired Air Force personnel (over which the Air Force had no power of subpoena) and one from an ac-

tive duty Air Force Colonel on foreign duty (but over whom the Air Force had subpoena control). Although the court found that these statements could have affected the decision, it held (citing Williams v. Zuckert, 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963) that their use in evidence without production of the witnesses for confrontation and cross-examination, did not invalidate the discharge proceedings because, although plaintiff had received the file of which the questioned ex parte statements were a part (together with the names and addresses of the five witnesses whose statements were used) and although plaintiff had been granted adjournments to prepare his defense, plantiff did not (until at the hearing) request the assistance of the Air Force in obtaining the presence of the only witness over which the Air Force had control. Nor did he request assistance in taking the depositions of the other four witnesses over which there was no Air Force subpoena control.

In Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486 (1963) and 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963) a discharged civilian member of the Air Force claimed he was denied right of confrontation and cross-examination of witnesses whose affidavits had been used at a Civil Service Commission hearing. The Supreme Court, noting that the regulations contemplated that the petitioner had the initial burden of making timely and sufficient attempts to obtain the presence of the witnesses in question, recognized there was an issue whether petitioner had met such initial burden or was, under the circumstances and without fault of his own, justified in failing to so attempt and, if so, whether petitioner made timely and proper demand on the Air Force so that it was required to produce the witnesses for examination.

On the other hand, in Grimm v. Brown, 291 F.Supp. 1011 (N.D.Cal.1968), the only other case involving these same regulations, this district granted relief where the record showed that the Air Force Board of Inquiry failed to provide the respondent officer with a copy of a certain unclassified summary of an OSI report, as required by AFR 36–2, Par. 11c, and that the report was basic to a charge that the respondent had engaged in discussion of classified subjects with certain persons resulting in the OSI investigation and a reprimand. The court held the finding of guilt on this charge was invalid and, further, that the finding was so interwoven with other findings, that summary judgment should be granted for plaintiff in that case.

In Powell v. Zuckert, 125 U.S.App. D.C. 55, 366 F.2d 634 (1966) a civilian employee sought judicial review of his discharge for alleged violation of an Air Force regulation. The court held, among other things, that proceedings under Air Force grievance procedures (affirmed on administrative review) were invalid in that certain charges had been established, over objections, by affidavit of a witness who was not produced at the hearing. Applicable regulations provided that employees had the right to question any person who testified at the hearing; that the employee would be supplied with a list of the witnesses but that, if a witness was unavailable, a signed statement could be received in view of live testimony. The court, distinguishing Williams v. Zuckert, 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136 and citing Vitarelli v. Seaton, 359 U.S. 535, 545, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959), noted that, although the particular witness was not available in the sense that she could have been compelled to attend the hearing, the board could have invited or requested her attendance but made no effort to produce her and had not informed plaintiff she would be used.

In Brown v. Zuckert, 349 F.2d 461 (7th Cir. 1966) a civilian employee of the Air Force had been discharged for violation of safety practice regulations and sought review by the Civil Service Commission as provided in 5 U.S.C. § 6526 and 5 U.S.C. § 863 (Veterans Preference Act). The employee had requested that individuals who had signed statements attesting to his violation of the safety

regulations, be present at the hearing for cross-examination. The witnesses were not produced.

Civil Service Regulations (5 CFR 22.603–22.607) provide that opportunity will be afforded for the cross-examination of witnesses but that the Commission is not authorized to subpoena witnesses and that the employee must make his own arrangements for the appearance of witnesses. The court, citing Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486 (1963) held that the employee must do something more than merely notify the agency that he desires certain witnesses; that the employee has the initial burden of attempting to contact and arrange for witnesses' attendance at the hearing and that, only after this initial burden is discharged, is he entitled to have the agency (in that case the Air Force) attempt to produce the witnesses; that under the regulations and the decisions, the employee, who had made no attempt to arrange for the witnesses, could not be said to have been deprived of his procedural rights; that defendant was entitled to summary judgment.[2]

■ Defendant, citing Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F.2d 46 (1959), contends that 6th amendment protection-confrontation with witnesses and compulsory process for obtaining witnesses—applies only to criminal prosecutions; that the proceeding here involved is a civil proceeding.

It has been held, however, Greene v. McElroy, 360 U.S. 474, 496–497, 79 S.Ct. 1400, 1414, 3 L.Ed.2d 1377 (1958) that the right of confrontation and cross-examination exists "not only in criminal cases * * * but in all types of cases where administrative and regulatory actions were under scrutiny;" that, where government action seriously injures an individual and the reasonableness of the

action depends on fact finding, the evidence used to prove the government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue; that this right, important in the case of documentary evidence, is even more important in the case of where the evidence consists of the testimony of individuals; that this protection has been formalized by the courts in the requirements for confrontation and cross-examination.

Defendant further contends that plaintiff's July 10th request for delay need not have been granted at all because it was not made within five days after plaintiff's admitted receipt of notice of hearing; that plaintiff's July 23rd request for further delay was not within Paragraph 26(c) because it was not for a specific period of time; that in any event, plaintiff had at least 152 days within which he could have made arrangements to depose or otherwise interrogate Lt. Col. Wyse but failed to do so, citing Brown v. Zuckert, *supra*; that the Board had the right under the circumstances to consider the statement of Lt. Col. Wyse, which in any event was substantially corroborated, says defendant, by plaintiff's own evidence.

The question presented for review on this aspect of the case is whether the failure of the Air Force to produce Colonel Wyse at the hearing before the Board of Inquiry deprived plaintiff of the fair and impartial hearing to which he was entitled.

Under Air Force Regulation 36–2 para. 26(d) the Board of Inquiry is only required to invite witnesses to appear if the witnesses are reasonably available and if, *in the Board's opinion*, their testimony is essential or will contribute materially to the case. (emphasis added).

It is apparent that the Board did not consider the testimony of Colonel Wyse

2. In Brown v. Zuckert, *supra*, a dissent was merely to the effect that on the particular record in that case summary judgment should not have been granted but that a trial court hearing should be held as in Williams v. Zuckert, *supra*, on the issue whether the employee had met his burden of attempting to obtain the witnesses and, failing that, to request the Air Force to produce them.

to be essential and, therefore, did not request his appearance.

■ The burden then was upon plaintiff to make a timely and sufficient attempt to obtain the presence of all witnesses he desired, Regulation 36–2 para. 23(c); assuming plaintiff's failure to make such attempt was justified the burden remained upon plaintiff to make proper and timely demand upon the Air Force for the production of witnesses. Without such demand upon the Air Force there would be no requirement that the witnesses requested by plaintiff be produced. Brown v. Gamage, *supra*, 377 F.2d at 158–159; Williams v. Zuckert, *supra*, 372 U.S. at 765, 83 S.Ct. 1102.

■ The record now before us establishes that plaintiff was fully notified of the charges against him, and of the evidence in support thereof (including the ex parte statement of Colonel Wyse), as early as February 13, 1964; and yet, plaintiff did not attempt to take a statement of Colonel Wyse, nor, apparently, did he attempt to interview Wyse, prior to requesting his appearance on July 10, 1964.

It should be noted also that plaintiff filed a rebuttal to the charges against him with the Selection Board on March 16, 1964; and yet plaintiff did not seek to attach a statement or deposition of Colonel Wyse to his rebuttal although he had ample opportunity to do so, and although he attached statements from several other witnesses.

The primary concern in cases relating to administrative discharge has been to guarantee the element of "fairness" which is involved in full disclosure of charges and adverse statements with identification of the sources of those charged and statements so that the accused could effectively prepare a defense. Brown v. Gamage, *supra*, 377 F.2d at 158; Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1958); Greene v. McElroy, *supra*.

In the instant case plaintiff failed to make any effort whatsoever on his own behalf to obtain either Wyse's presence or his statement; and his request that the Air Force make such effort was by no means timely.

We find that plaintiff was fully notified of all charges and statements against him, including the sources thereof and that plaintiff failed to discharge the initial burden of attempting to produce those witnesses which he felt were necessary for the presentation of his case.

ILLEGAL SEIZURE OF PHOTOGRAPHS

Plaintiff contends that it was improper for the Board to admit certain allegedly obscene photographs into evidence because they had been illegally seized and that the legal advisor of the Board, himself, in effect, conceded that the photographs had been illegally obtained (page 20 of the Board Proceedings); that they were admitted solely on his opinion that "the rules applicable before a court-martial are not necessarily the same rules that are applicable before this Board. Essentially, the Board should be concerned with the *reliability* of the evidence which is presented to it." (emphasis added).

Plaintiff's brief, however, is not explicit, nor even clear, in explaining in what respect the acquisition of the photographs was an unreasonable search.

Defendant contends that, according to the record, the search was ordered in October, 1962, after plaintiff's commanding officer had been advised of plaintiff's association with one Schumacher, a German national, who allegedly had confessed to being in the employ of the East German Government; that the search was authorized to ascertain if there had been any security violations committed by plaintiff; that this search revealed the photographs; that the search, ordered and conducted in good faith and incidentally revealing the photographs, was reasonable and admission of the photographs was proper.

■ The protections of the Fourth Amendment are, if not expressly, at

least impliedly applicable to administrative discharge proceedings.

"It would seem wholly at odds with our traditions to allow the admission of evidence illegally seized by Government agents in discharge proceedings; which the court has analogized to proceedings that 'invoke the imposition of criminal sanctions * * *.'" Greene v. McElroy, *supra*, 360 U.S. at 496–497, 79 S.Ct. at 1413; Powell v. Zuckert, *supra*, 366 F.2d at 640.

■ However, applying the Fourth Amendment standard, we find that the search and seizure in question was reasonable and that the photographs were admissible before the Board of Inquiry.

The photographs were seized during a search of plaintiff's bachelor officer's quarters, the search was ordered by plaintiff's commanding officer after he had been advised of plaintiff's association with a person accused of being an East German agent.

The photographs consisted of individual snapshots, apparently taken in plaintiff's quarters, of several women (one woman per photograph) in various stages of undress and in various suggestive poses.

We agree with the argument put forth by the defendant that the search, having been authorizd to ascertain if there had been any security violations committed by plaintiff, was reasonable; and that the photographs, regardless of any ultimate finding of obscenity, were certainly evidence of improper conduct on plaintiff's part and were, therefore, properly seized incidental to a lawful search.

■ Moreover, it is true that whether or not the photographs were obscene they constituted evidence of misconduct on plaintiff's part; and, since the ultimate charge against plaintiff was one of recurrent misconduct, the photographs were properly before the Board of Inquiry.

Therefore, we find it unnecessary to reach the question whether the Board's finding of "obscenity" was correct since plaintiff was discharged for recurrent misconduct and not for possession of obscene photographs.

CONCLUSION

Plaintiff raises several further arguments relating to double jeopardy, failure by the Air Force to follow its own regulations and insufficiency of the evidence in support of the findings by the Board of Inquiry.

We have considered each of these arguments in some detail and find that they fail to present any substantial questions concerning the validity of plaintiff's discharge.

The Air Force hearing by which plaintiff was discharged was, in our opinion, fair in that the procedural requirements were substantially complied with and the action by the Air Force authorities was neither arbitrary nor capricious.

We are of the opinion that there is no issue of material fact present in this case and that defendant is entitled to judgment as a matter of law pursuant to Rule 56 of the F.R.Civ.P.

Accordingly, it is the order of this court that defendant's motion for summary judgment should be, and the same is, hereby granted.