**Carl L. McTAGGART, Appellant-Plaintiff,**

v.

**SECRETARY OF the AIR FORCE and United States of America, Appellees-Defendants.**

No. 18964.

United States Court of Appeals, Seventh Circuit.

April 6, 1972.

Henry A. Schwarz, U. S. Atty., Michael L. Levinson, Asst. U. S. Atty., for appellees.

Before KILEY and STEVENS, Circuit Judges, and CAMPBELL, Senior District Judge.[*]

STEVENS, Circuit Judge.

Plaintiff is a former Air Force officer who achieved both a temporary and permanent rank of Captain and was honorably discharged, but was retired as a First Lieutenant under 10 U.S.C. § 1372. He claims that his rank at the time of his Honorable Discharge should determine his rate of retirement pay.

The discharge occurred on December 5, 1962, as a result of a disciplinary proceeding. Having accumulated 19 years, 8 months, and 11 days of service, plaintiff was allowed to reenlist as a Master Sergeant to complete his retirement time. Thereafter, when he retired for physical disability, defendants determined that the highest rank or grade in which he had performed satisfactory service was that of First Lieutenant.

Plaintiff contends that his Honorable Discharge as a Captain establishes as a matter of law that "he served satisfactorily" in that rank within the meaning of 10 U.S.C. § 1372. The relevant portion of that section provides:

"Unless entitled to a higher retired grade under some other provision of law, any member of an armed force who is retired for physical disability under section 1201 or 1204 of this title, or whose name is placed on the temporary disability retired list under section 1202 or 1205 of this title, is entitled to the grade equivalent to the highest of the following:

\* \* \* \* \* \*

"(2) The highest temporary grade or rank in which he served satisfactorily, as determined by the Secretary of the armed force from which he is retired."

John Bock, Jr., Belleville, Ill., Leroy Crouther, Jr., Thad Niemira, St. Louis, Mo., for appellant.

[*] Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

■ As we read the statute, the words "as determined by the Secretary" grant him certain discretion in determining whether the highest rank achieved by an officer should control his rate of retirement pay. Even so, plaintiff argues, if an officer's service as a Captain was "honorable," it must also have been satisfactory; hence, the Secretary's discretion cannot contradict the determination evidenced by his discharge certificate.

The argument would confine the exercise of the Secretary's discretion to cases in which the discharge was not honorable. We think Congress would have expressed such a limitation in different language.

■ Although unquestionably the character of an officer's discharge is controlled by the character of his service, and although it would be anomalous to characterize an officer's service as honorable if it is less than satisfactory, there are important differences between "Honorable Discharge" and "satisfactory service." The type of discharge, whether honorable or otherwise, is unrelated to the rank or grade in which the discharged veteran served. It is a badge of honor, or something less, to be carried in civilian life.[1] The determination of the rate of compensation to be paid a retired veteran involves different considerations. We find no real inconsistency between a characterization of a veteran's entire career as "honorable" for discharge purposes [2] and a finding that the conduct which resulted in discipline while he was a Captain rendered his service in that rank less than satisfactory.

We do not think Congress intended the Secretary to issue a discharge other than honorable as a condition precedent to finding that the rate of retirement pay should be measured by a rank or grade below the highest attained by the serviceman. That kind of rigid choice does not fit the discretionary language in the statute.

■ Plaintiff also argues that his discharge as a Captain was "unconstitutional and arbitrary, capricious, not supported by substantial evidence and contrary to law." [3]

■ We have examined the record of the disciplinary proceeding and are satisfied that plaintiff received adequate notice of the charges against him, was accorded a fair hearing, and that the applicable procedural regulations were followed at the hearing and at the appellate levels.[4] Plaintiff also argues, essential-

---

1. " '[T]he honorable discharge of the deserter was a formal final judgment passed by the government upon the entire military record of the soldier, and an authoritative declaration by it that he had left the service in a *status* of honor; . . .' " United States v. Kelly, 82 U.S. 34, 36, 15 Wall. 34.

2. Our interpretation is consistent with the holdings in United States v. Kelly, 82 U.S. 34, 15 Wall. 34, and In re Fong Chew Chung, 149 F.2d 904 (9th Cir. 1945). In Kelly the Court held that a soldier who had deserted, but who had been restored to duty under conditions which he fully filled, and was thereafter honorably discharged, was not disqualified from receiving bounty money; in *Fong Chew Chung* the court held that the discharge certificate conclusively established that an alien had "served honorably" in the Army for purposes of citizenship qualifications.

3. Appellant's Br., p. 11.

4. Plaintiff, in somewhat scattergun fashion, has made numerous attacks on the regulation under which he was discharged, AFR 36–2, and on its application in his case. While we do not think each of his attacks merits individual discussion herein, we have carefully considered each point raised and are satisfied that plaintiff was afforded any "due process" rights guaranteed by the Constitution to which he might be entitled and the "fair and impartial hearing" mandated by statute, 10 U.S.C. § 8792(b). See generally Brown v. Gamage, 126 App. D.C. 269, 377 F.2d 154 (1967), cert. denied, 389 U.S. 858, 88 S.Ct. 103, 19 L.Ed. 2d 125; Denton v. Seamans, 315 F.Supp. 279 (N.D.Cal.1970). A discharge proceeding is not a criminal proceeding, and the rights of criminal defendants are not per se applicable. See *Brown*, 377 F.2d at 155. Judge Edwards said in *Brown*,

ly, that he was denied due process because his discharge was not supported by substantial evidence. When statutory procedures are followed, and procedural due process and multilevel review are afforded, our entry into the "sufficiency of the evidence" area must necessarily be a narrow one.[5] Without deciding the minimum standard which may be applicable, we believe that the "substantial evidence" test generally applied to review of administrative agency decisions, cf. 5 U.S.C. § 706(2) (E); Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456, is the most favorable standard for which appellant could argue, and we find that that test is met in this case.

The judgment is affirmed.

"Clearly, Gamage has no constitutional right to active duty as an Air Force Lieut. Colonel." *Ibid.* Plaintiff argues that it was "unfair" to place the burden upon him to show cause why he should not be dismissed. No case is cited to us, and we have found none, which squarely decides this point. The regulation merely places the burden of presenting evidence on the respondent and permits him to "refute, rebut or mitigate the evidence presented by the government." The question in the proceeding under AFR 36–2 is whether the officer shall be retained in the service; the procedure differs in a court martial in which the government has the burden of proof. Moreover, we note that this Circuit, recognizing certain "due process" rights for non-tenured public school and college teachers, has required only notice and a hearing at which a response can be made. Roth v. Board of Regents, 446 F. 2d 806, cert. granted, 404 U.S. 909, 92 S.Ct. 227, 30 L.Ed.2d 181 (1971); Shirck v. Thomas, 447 F.2d 1025 (1971), petition for cert. filed, 40 U.S.L.W. 3303. Neither those cases nor the Supreme Court cases upon which they rely imply that an employee cannot be required to show cause why he should not be dismissed. We are satisfied that plaintiff was not denied due process of law by proceedings under AFR 36–2.

We add one additional note. Plaintiff's discharge case was reviewed by a Board of Review, by the Secretary of the Air Force Personnel Board, by the Office of the Judge Advocate General, and finally by the Office of the Secretary of the Air Force. Plaintiff does not argue that he was denied an appropriate opportunity to present his views during the review process.

Plaintiff took his retirement grade problem to the Air Force Board for Correction of Military Records, but did not take the discharge matter to the Board, which he presumably could have done under 10 U.S. C. § 1552. Without implying any opinion on whether exhaustion of that remedy should be required, see Sohm v. Fowler, 124 U.S.App.D.C. 382, 365 F.2d 915 (1966), we nevertheless have considered plaintiff's arguments and have found them without merit.

5. 10 U.S.C. § 8794 provides that:
"The Secretary of the Air Force may remove an officer from the active list of the Regular Air Force if his removal is recommended by a board of review under this chapter. The Secretary's action in such a case is *final and conclusive.*" (Emphasis added.)
Thus, this court presumably may not disturb the Secretary's decision unless it exceeds his statutory authority, see Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503, or is so arbitrary, capricious, contrary to law, or without support of substantial evidence as to amount to a deprivation of the statutory "fair hearing" right or of whatever elements of "due process" may be applicable. We express no opinion on whether, absent a statutory duty to afford a fair hearing, it would be unconstitutional to discharge an officer on the sole, absolute and unreviewable *discretion* of the Secretary. *Cf.* Vitarelli v. Seaton, 359 U.S. 535, 546, 79 S.Ct. 968, 3 L.Ed.2d 1012; see also separate opinion of Mr. Justice Frankfurter, *id.* at 547, 79 S.Ct. 968.